# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-4855-SVW-FFMx | Date | July 16, 2013 |
|---|---|---|---|
| Title | Owen Morgan v. L.A. Live Properties LLC et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER

## I.   INTRODUCTION

On February 20, 2013, Plaintiff Owen Morgan ("Plaintiff") filed the instant action in Los Angeles County Superior Court against Defendants L.A. Live Properties, AEG Live L.A., and Nokia Inc. (collectively "Defendants") for general negligence and premises liability.  (Notice of Removal (Dkt. 1) at 1-2).  Plaintiff alleges that while he was lawfully on Defendant' premises, Defendants breached their duty of care when Plaintiff slipped and fell due to the wet floor in the men's bathroom which resulted in Plaintiff sustaining personal injuries.  (Id., Ex. A at 4).  Plaintiff requests $5,000,000 for pain and suffering, $48,704.76 for medical expenses, $24,000 for loss of hearing to date, and $2,000 for out of pocket expenses and miscellaneous costs.  (Id. at 4).

On July 5, 2013, Defendants removed the action to this Court on the basis of diversity jurisdiction.  (Dkt. 1 at 2).  For the reasons below, removal is improper, and the matter is REMANDED to state court.

## II.   DISCUSSION

Where a case has been removed, a federal court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4855-SVW-FFMx | Date | July 16, 2013 |
|---|---|---|---|
| Title | Owen Morgan v. L.A. Live Properties LLC et al | | |

JS - 6

Cir. 2003). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

**A.   Diversity Jurisdiction**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ." 28 U.S.C. § 1332(a). However, a civil action may not be removed on the basis of diversity jurisdiction where any removing defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). A corporation generally is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

In the present case, Defendants L.A. Live Properties and AEG Live L.A. are Delaware limited liability companies with their headquarters and principal places of business in Los Angeles, California. Because Defendants are citizens of California, removal on the basis of diversity jurisdiction is improper. Therefore, the Court lacks diversity jurisdiction.

**III.   CONCLUSION**

For the foregoing reasons, Defendants have failed to carry the burden of establishing that removal is proper. The Court lacks subject matter jurisdiction and hereby remands the action forthwith to Superior Court of California, County of Los Angeles.

|  | : |
|---|---|
| Initials of Preparer | PMC |